THE FRANKFORT & LAWRENCEBURG TURNPIKE ROAD COMPANY v. JOHN C. HERNDON'S EXR.

**Principal and Agent — Ratification.**
    Herndon, the president of appellee's board of managers, did many things without consulting the board, of which he was a member, and his acts were generally approved without objections of other members of the board.

**Same — Authority of Agent a Question of Fact for the Jury.**
    The question of authority in the agent of appellee to execute the notes was a fact, upon which it was the province of the jury to pass.

**New Trial — Weight of Evidence.**

 Where the evidence is conflicting and the question of fact has been submitted to the jury with proper instructions, if the weight of evidence is against the verdict, this court will not interpose after a motion for a new trial has been refused by the court below.

APPEAL FROM FRANKLIN CIRCUIT COURT.

October 18, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

Goins was examined as to his interest in the issues in the result of the suit, and he proved that he had no interest whatever in the litigation or its results; the notes, although executed to him, were afterward delivered to testator in discharge *pro tanto* of a debt owing by Goins to him, Goins incurring no responsibility on account of said transfer. No legal reason existed, therefore, for excluding his evidence, and it was properly admitted.

The fact that Goins did the work on the road for which the notes were executed was not seriously controverted — he proves it — and that the amount charged, and for which the notes were executed, was not more than the labor performed by him was reasonably worth.

It is further shown by the evidence that Herndon was the president of the board of managers of appellees, and their active financial agent, Swigert, proves that he went ahead and did many things as he pleased without consulting the board of which he was a member; and his acts were generally approved, *and that he never heard any objection by any of the board to anything that Herndon had done.*

With this evidence, the question of authority in Herndon to execute the notes was a fact upon which it was the province of the jury to pass, and whether the grant of authority was by parol, or was written, it was equally binding on the company, and instructions Nos. 1, 2, and 3 on these points submitted to the jury on motion of appellee were well guarded, and we perceive no objections to them.

Upon the propriety of giving the last instruction, we had at first some doubt; but after further consideration, we incline to think it was properly given.

The settlement with the executor of the testator was not a final one, and the notes certainly were not presented by the executor,

and not taken into the estimate, and it was left open for any other claims which might be ascertained.

But when the indebtedness of the testator to appellants accrued is not shown, the notes as already shown, were executed to Goins for amounts due him by appellants, the demands were distinct and separate, and there could be no such connection between them as would stop the running of the Statute of Limitations; and although Herndon himself should be regarded as trustee for appellants, and as such not protected by the statute, still upon his death the trust ceased, and the statute would commence to run.

We perceive no error in giving instructions as asked by appellee, and in refusing to give the fifth instruction as asked by appellants without the modification made by the court.

And although there may have been some conflict in the evidence, still the questions of fact were submitted to the jury with proper instructions, and if the weight of evidence is against the verdict, the preponderance is not such as to authorize this court to interpose after the motion for a new trial was refused by the court below; wherefore, the judgment is affirmed.